**HAI LIN, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 12–73950.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 24, 2015.

Matthew F. Duggan, Assistant U.S., Office of the U.S. Attorney, Spokane, WA, for Petitioner.

Matthew Campbell, Assistant Federal Public Defender, Federal Prison Camp, Florence, CO, for Respondent.

Eusevio Chavallo, Jr., Spokane, WA, pro se.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Hai Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny in part and dismiss in part the petition for review.

Lin claims past persecution and a well-founded fear of future persecution based on a violation of China's population control program and his anti-government internet postings. Substantial evidence supports the BIA's finding that Lin failed to establish his experiences, even cumulatively, rose to the level of persecution. *See He v. Holder*, 749 F.3d 792, 796 (9th Cir.2014) (record did not compel a finding of past persecution where petitioner failed to present evidence of persecution beyond his wife's forced abortion); *see also Gu v. Gonzales*, 454 F.3d 1014, 1020–21 (9th Cir. 2006) (three day detention, interrogation, and beating with a rod did not rise to the level of persecution). We reject Lin's contention that the BIA evaluated his claim of future persecution under the wrong legal standard. Substantial evidence supports the BIA's determination that Lin failed to establish a well-founded fear of future per-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

secution. *See Gu,* 454 F.3d at 1022 (no well-founded fear of future persecution where petitioner remained unharmed after single detention). Thus, we deny Lin's petition as to his asylum claim.

Because Lin failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye,* 453 F.3d at 1190.

Finally, we lack jurisdiction to consider Lin's contentions related to a pattern and practice of persecution or membership in a disfavored group because he did not raise them to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.